UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNAY RODRIGUEZ, | No. C 10-3064 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| Correctional Sergeant LOCKE, | |
| Defendant. | |

## INTRODUCTION

Johnnay Rodriguez, an inmate currently at Mule Creek State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983, complaining of conditions at Salinas Valley State Prison, where he was housed earlier. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Rodriguez's complaint alleges the following:

On and about October 19 and 20, 2009, Rodriguez was beaten and raped by his cellmate at Salinas Valley State Prison. He informed defendant correctional sergeant Locke of an attack on October 19, 2009. Sergeant Locke told Rodriguez (who identifies as a transgender prisoner and refers to himself as "Mr. Johnnay Rodriguez," Complaint, p. 3) that "if I did not have female breast, looking like a girl, this type of stuff wouldn't be happening to me!" Complaint, p. 3. Sergeant Locke then ordered Rodriguez to return to his cell with the same assaultive cellmate. The next day (October 20), the cellmate raped and beat Rodriguez again. Rodriguez cried out for help and was put in administrative segregation that day. When he was put in ad-seg, his

personal property was not properly inventoried and was lost by prison officials. On January 6, 2010, Rodriguez was transferred to Mule Creek State Prison for sensitive needs placement. Rodriguez's cellmate was locked up three days after the attacks.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. See id. at 833. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. at 834. To be liable in a failure to prevent harm situation, the official must know of and disregard an excessive risk to inmate safety. See id. at 837. Liberally construed, the complaint states a § 1983 claim against correctional sergeant Locke for deliberate indifference to Rodriguez's safety.

Allegations that a prisoner has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, see Parratt v. Taylor, 451 U.S. 527, 535-44 (1981)

2

(state employee negligently lost prisoner's hobby kit), <u>overruled in part on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986); <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, <u>see</u> <u>Zinermon v. Burch</u>, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). The allegations in the complaint that Rodriguez's personal property was not inventoried and was lost do not state a claim for relief under § 1983. The allegations show a random and unauthorized deprivation of personal property, but that kind of conduct does not amount to a violation of any federal constitutional right.

## CONCLUSION

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendant Locke for deliberate indifference to Rodriguez's safety in violation of his Eighth Amendment right to be free from cruel and unusual punishment. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon correctional sergeant Locke, who is employed on the correctional staff at Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **February 18, 2011**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion

3

must be filed with the court and served upon defendant no later than **March 25, 2011**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

       c.     If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **April 8, 2011**.

       4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

       5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is

required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: December 15, 2010

_____
SUSAN ILLSTON
United States District Judge