UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNNAY RODRIGUEZ,

    Plaintiff,

    v.

Correctional Sergeant LOCKE,

    Defendant.
                                 /

No. C-10-3064 SI (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

In this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, Johnnay Rodriguez alleged that defendant had been deliberately indifferent to his safety at Salinas Valley State Prison (SVSP). Defendant has filed a motion to dismiss or, in the alternative, for summary judgment. Rodriguez has not filed an opposition to defendant's motion. For the reasons discussed below, defendant's motion to dismiss will be granted and the action dismissed without prejudice. Having granted the motion to dismiss, the court does not reach the arguments in the motion for summary judgment.

## BACKGROUND

Rodriguez alleged in his complaint that, on and about October 19 and 20, 2009, he was beaten and raped by his cellmate at Salinas Valley State Prison. He allegedly informed defendant correctional sergeant Locke of an attack on October 19, 2009. Sergeant Locke allegedly told Rodriguez (who identifies as a transgender prisoner and refers to himself as "Mr. Johnnay Rodriguez," Complaint, p. 3) that "if I did not have female breast, looking like a girl, this type of stuff wouldn't be happening to me!" Complaint, p. 3 (error in source). Sergeant

Locke allegedly then ordered Rodriguez to return to his cell with the same assaultive cellmate. Rodriguez further alleged that, the next day (October 20), the cellmate raped and beat Rodriguez again, that Rodriguez cried out for help and was put in administrative segregation that day, and was transferred to another prison several months later.

## DISCUSSION

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Under the regulations that existed in 2009, in order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. *See id.* at former § 3084.5; *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. *See Woodford v. Ngo*, 548 U.S. at 93.

A prisoner's failure to exhaust administrative remedies is a matter in abatement. A defendant has the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.

2

2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20, citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). *See id. Wyatt* and *Ritza* allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

Defendant demonstrates in his motion to dismiss that Rodriguez did not exhaust administrative remedies with regard to the claim asserted in the complaint. There is no evidence in the record that Rodriguez ever submitted an inmate appeal in which he claimed that he was raped by his cellmate, told sergeant Locke about it, sergeant Locke made fun of him and forced him to return to his cell where he was raped again by the same cellmate.

Rodriguez's inmate appeal filed on August 30, 2009, predated the alleged incident and concerned his general fears as a transgender inmate and requested protective housing. In order to properly exhaust administrative remedies in California, a prisoner must "lodge his administrative complaint on CDC Form 602 and 'describe the problem and action requested.'" *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal. Code Regs. tit. 15 § 3084.2(a)). In light of the absence of any mention in the California regulation about the requisite level of factual specificity, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)); *see, e.g., Morton*, 599 F.3d at 946 (grievance that complained of visitation restrictions, and did not mention an assault or theorize that the visitation restriction imposed was related to the assault, was insufficient to put prison officials on notice that staff conduct contributed to the assault); *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act). Rodriguez's inmate appeal that mentioned general

3

fears as a transgender inmate and asked for a transfer did not alert the prison to the nature of the alleged act of deliberate indifference by sergeant Locke.

After he had received lower level decisions on above-mentioned appeal, Rodriguez mentioned in his request for director's level review that he was "being badly beting and raped. on here." Garske Decl., Ex. D, § H (errors in source). However, making a new claim at the final level of review did not comply with the inmate appeal process: 15 Cal. Code Regs. § 3084.2 required the inmate to fully "describe the problem and action requested" in sections A and B of the appeal form which were the parts that were available to all reviewers to evaluate. An inmate could not attempt to later add new claims that had not been included in those sections. *See* Foston Decl., ¶ 3. It was not proper exhaustion. *See Woodford v. Ngo*, 548 U.S. at 93. Not only was it not in compliance with the regulation, the statement that Rodriguez did make at the director's level did not alert prison officials to the contention that is the essence of this action: that sergeant Locke responded with indifference by sending Rodriguez back to his cell after Rodriguez told Locke his cellmate had just raped him. The inmate appeal received a director's level decision, but only exhausted the issue of the requested transfer to another facility, and not whether Rodriguez was raped and beaten due to a staff member's actions or inactions.

Rodriguez sent a letter to the CDCR's Inmate Appeals Branch ("IAB") on November 30, 2009 in which he apparently reported the rape and beating and that no one had helped him, although he didn't mention Locke or indicate whether the failure to obtain help was before or after the rape. *See* Foston Decl. Ex. C. This letter was not a proper inmate appeal under the regulation because appeals had to be submitted on the CDC-602 inmate appeal form and could only proceed to the IAB after lower levels of review had been completed. Foston, the chief of the IAB, sent a letter back to Rodriguez, advising him that he had spoken with the inmate appeal coordinator about the allegations and learned that Rodriguez had submitted several appeals including a request to have Mendez listed as an enemy, for Mendez to be charged with battery, for a transfer to a sensitive needs yard for the Enhanced Outpatient Program, for money to deducted for restitution to be re-deposited into his trust account, for Rodriguez to be issued canteen funds, and for allegations of misconduct by sergeant Locke to be investigated. Foston

4

Decl., ¶ 9. The inmate appeals coordinator "advised that none of the appeals had been accepted for processing at the First Level of Review because Rodriguez had failed to obtain a response at the Informal Level of Review or Rodriguez changed the issue at the First Level of Review, following the Informal Level. Additionally, several of Rodriguez's appeals were rejected for processing because they contained multiple unrelated issues." *Id.* Foston provided that information about the various appeal problems in his responsive letter to Rodriguez. The statute requires "proper exhaustion" of available administrative remedies, *Woodford v. Ngo*, 548 U.S. at 93, and in California that means pursuing an inmate appeal through to receipt of a director's level decision. Rodriguez's letter did not follow the mandatory appeal procedure.

Rodriguez filed an inmate appeal on October 20, 2009, that alleged, among other things, that sergeant Locke had cursed at him in Spanish and that an inmate had attacked him. However, there is no evidence that this inmate appeal mentioned that he had reported a rape to sergeant Locke or that Locke refused to help him. More importantly, the inmate appeal was screened out and returned to Rodriguez advising him of several deficiencies, i.e., it did not meet the requirement for assignment as a staff complaint, there were multiple unrelated issues, and it did not have some required documentation. Rodriguez never received a director's level decision on this inmate appeal, so it did not exhaust any issue.

Defendants have carried their burden on their motion to dismiss. They have demonstrated that the CDCR has no record that Rodriguez ever filed an inmate appeal that (a) concerned the claim that sergeant Locke was deliberately indifferent to Rodriguez's safety and (b) received a decision at the director's level before he filed this action. The action must be dismissed.

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is GRANTED. (Docket #14.) This action is dismissed without prejudice to plaintiff filing a new action in compliance with any exhaustion requirement. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 20, 2011

_____
SUSAN ILLSTON
United States District Judge